United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAI URIEL BELTRAN VILLEGAS, A # 249-439-995, | § § § § § § § § § § § | |
| Petitioner, | | |
| VS. | | CIVIL ACTION NO. 4:25-5644 |
| WARDEN RANDALL TATE, *et al.* | | |
| Respondents. | | |

## MEMORANDUM OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS

Petitioner Shai Uriel Beltran Villegas is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking immediate release. He also filed a motion for a temporary restraining order (Dkt. 2).

Petitioner states that he is a Mexican national; that he entered the United States without inspection around 2007; that on May 28, 2025, the respondents issued a determination that his I-360 petition established a prima facie case for classification under the Violence Against Women Act; that on October 10, 2025, ICE detained him and served him with a notice to appear; that the respondents state that he is subject to mandatory detention under 8 U.S.C. § 1225(b) despite having been present in the United States for

decades; and that he has not been provided a bond hearing under 8 U.S.C. § 1226. The petitioner seeks immediate release or, in the alternative, a bond hearing before an immigration judge under 8 U.S.C. § 1226.

The respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 10). They also assert that the petitioner has not exhausted administrative remedies.

Having considered the parties' arguments and all matters of record, the Court determines that the petitioner, who entered the United States in 2007, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *See id.* at * 3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional

question); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the respondents' request for dismissal or summary judgment (Dkt. 10) is **DENIED**. The petitioner's petition for habeas relief is **GRANTED**.

The Court further **ORDERS** the parties to appear at a hearing by Zoom on **Monday, December 22, 2025**, to discuss appropriate habeas relief in this case. The Court will issue a separate order setting the hearing. At the hearing, the petitioner will have an opportunity to propose specific remedies and timing of the remedies. The respondents will have an opportunity to respond. The parties are **INSTRUCTED** to confer before the hearing to identify any areas of agreement between them.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ___December 17___, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE